### EAVES *v.* GARNER *et al.*

An entry by a constable upon a fi. fa. issued from a justice's court in the following language: "I know of no personal property in the possession of the defendant on which to levy this fi. fa.," is not such a compliance with section 4167 of the Civil Code as will authorize a constable to levy the execution upon land.

Submitted April 27, — Decided July 12, 1900.

Complaint for damages.    Before Judge Janes.    Haralson superior court.    July term, 1899.

*E. S. & G. D. Griffith*, for plaintiff.
*Price Edwards*, for defendants.

Fish, J.    C. C. Eaves brought his action against J. F. Garner, J. G. Weaver, and B. F. Morgan, for damages which he alleged he had sustained by reason of the defendants having entered upon his land and cut and carried away certain timber.    Upon the trial, to prove his title to the land, plaintiff offered in evidence a sheriff's deed thereto, made in pursuance of a sale under an execution issued from a justice's court.    He also offered in evidence a copy of such execution, with the entries thereon, the original having been lost.    The following entry appeared on the copy fi. fa.: "I know of no personal property in the possession of the defendant, on which to levy this fi. fa.    This 14th day of February, 1848.    James S. Trible, Cons."    The court excluded the copy fi. fa., and the plaintiff excepted.

Section 4167 of the Civil Code, which is a codification of the act of 1811, provides that "No constable shall levy on any land unless there is no personal property to be found sufficient to satisfy the debt, which fact must appear by an entry on the execution, to be levied by a constable of the county where such

execution was issued, or where the property to be levied upon may be found." The entry of the constable upon the fi. fa. in this case did not comply with this section of the code. Instead of an entry of no personal property to be found, which seems to imply that the constable should make some search for such property, he made an entry that he knew of no personal property in the possession of the defendant on which to levy the fi. fa. The defendant may have owned sufficient personalty to satisfy the execution, which at the time of this entry was in possession of some one else, and the constable may have known this fact, and yet his entry would be true. There was no error, therefore, in sustaining the objection to the introduction of the fi. fa. in evidence. There seems to have been no objection to sheriff's deed going in evidence, but, as the plaintiff offered no other evidence, the court did not err in granting a nonsuit.

*Judgment affirmed. All the Justices concurring.*